NO. 07-02-0337-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 24, 2003



______________________________




ALAN ROYBAL SEPEDA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13712-0004; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Pursuant to a guilty plea, appellant was convicted of driving while intoxicated and
punishment was assessed at five years confinement, suspended. After a hearing on the State's
motion to revoke, appellant's community supervision was revoked and punishment was assessed
at the original five-year sentence and a $1,000 fine. Appellant perfected this appeal and the
clerk's record was filed on September 10, 2002. On November 1, 2002, David Fortenberry filed
a request for an extension of time in which to file the reporter's record indicating that he was
unable to complete an approximate 50-page record due to his case load and was given until
December 2, 2002. The record has yet to be filed and no further request for an extension of time
was filed. Thus, we now abate the appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 37.3(a)(2). 

 Upon remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal, and if so,

 2. why appellant has been deprived of a reporter's record.


The trial court shall cause the hearing to be transcribed. Should it be determined that appellant
does want to continue this appeal and is indigent, then the trial court shall also take such
measures as may be necessary to assure appellant a reporter's record. The trial court shall
execute findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a supplemental
clerk's record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by
Friday, February 21, 2003.

 It is so ordered.

 Per Curiam

Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



 for supplemental briefing. See Tex.
R. App. P. 38.7. Further, we exercise our discretion under Rule 38.7 and direct that no
further amendment or supplementation of any briefs will be permitted.

 Accordingly, we grant that portion of appellees' motion for rehearing requesting we
withdraw our July 7, 2004 order and in all other respects overrule the motion.

 It is so ordered. 

 Per Curiam

 







1. The deadline fell on Sunday, June 29, 2003; thus, the deadline was extended to
Monday, June 30. See Tex. R. Civ. P. 4.